[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15876
Non-Argument Calender

_____

D.C. Docket No. 2:11-cr-00012-RWS-SSC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONALD BAFILE,
a.k.a. Dizzy,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 13, 2012)

Before CARNES, BARKETT, and PRYOR, Circuit Judges.

PER CURIAM:

Ronald Bafile made counterfeit United States currency. He used that fake money to buy drugs, and he also sold it for real money. A federal grand jury indicted Bafile on one count of making counterfeit United States currency in violation of 18 U.S.C. § 471; one count of possessing counterfeit currency in violation of 18 U.S.C. § 472; and one count of selling counterfeit currency in violation of 18 U.S.C. § 473. He pleaded guilty to each count.

The presentence investigation report recommended a base offense level of 9 under United States Sentencing Guidelines § 2B5.1(a) (Nov. 2010). The PSR recommended a 2-level increase under § 2B5.1(b)(1)(B) because the face value of the counterfeit currency exceeded $5,000; a 4-level increase under § 2B5.1(b)(2)(A) and (b)(3) because Bafile manufactured the counterfeit United States currency; and a 2-level decrease under § 3E1.1(a) for acceptance of responsibility. The result was a total offense level of 13.

The PSR calculated 3 criminal history points because Bafile had been sentenced to 10 years in prison for a Georgia methamphetamine trafficking conviction. It added 2 more points because he committed the counterfeiting crimes while on parole for the Georgia drug conviction. See U.S.S.G. § 4A1.1(d). Bafile's criminal history category was III. The result was a guidelines range of 18 to 24 months. The statutory maximum prison sentence for each count was 20

years.  See 18 U.S.C. §§ 471–473.

Because of Bafile's counterfeiting crimes, a Georgia state court revoked his parole, and at the time of his federal sentencing, Bafile had spent 10 months in state custody.  Bafile did not object to the PSR, but he asked for a 10-month downward departure based on his time in state custody.  See U.S.S.G. § 5G1.3 cmt. n.3(E) (allowing a district court to downwardly depart from the guidelines range "in an extraordinary case" to reflect "a period of imprisonment already served on [an] undischarged term of imprisonment" for a parole violation).  He also asked for a sentence that would run concurrently to his state parole-revocation sentence.

The district court adopted the PSR, stated that it had considered the 18 U.S.C. § 3553(a) factors, and explained that Bafile's crimes were serious because they involved counterfeit currency and drugs.  The court also stated that the sentence needed to deter future criminal conduct because Bafile had violated his parole for a prior drug conviction.  It then rejected Bafile's request for a downward departure and sentenced him to 18 months in prison on each count, with the sentences to run concurrently to each other and to his state sentence.

Bafile appeals his sentence, contending that it is substantively unreasonable because he should have received a below-the-guidelines sentence to reflect the

time he spent in state custody after his parole was revoked but before the district court sentenced him.[1] Our substantive reasonableness review is guided by the factors in 18 U.S.C. § 3553(a). United States v. White, 663 F.3d 1207, 1217 (11th Cir. 2011). The district court is required to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in that statutory provision. 18 U.S.C. § 3553(a). The burden of establishing that a sentence is unreasonable lies with the party challenging it. White, 663 F.3d at 1217. We will vacate a sentence for substantive unreasonableness "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).

Bafile's 18-month prison sentence is not unreasonable. It is at the bottom of his guidelines range, see White, 663 F.3d at 1217 ("We ordinarily expect a

---

[1] To the extent Bafile contends that the district court erred by not downwardly departing to reflect his time in state custody, we lack jurisdiction to review that decision. See United States v. Dudley, 463 F.3d 1221, 1228 (11th Cir. 2006) ("We lack jurisdiction to review a district court's decision to deny a downward departure unless the district court incorrectly believed that it lacked authority to grant the departure. . . . [W]e have held that when nothing in the record indicates otherwise, we assume the sentencing court understood it had authority to depart downward." (quotation marks omitted)).

sentence within the Guidelines range to be reasonable . . . ." (quotation marks omitted)), and is well below the statutory maximum prison term of 60 years,[2] see United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that a defendant's sentence was reasonable in part because it was well below the statutory maximum).  The record shows that the district court considered the 18 U.S.C. § 3553(a) factors and Bafile's arguments for a sentence reflecting the time he had already served in state custody.  The court ordered that the sentence run concurrently to his state parole-revocation sentence, even though the guidelines recommended a consecutive sentence.  See U.S.S.G. § 5G1.3 cmt. n.3(C).  The court explained that it was trying to strike a balance between the federal and state sentences, and the balance it struck is reasonable.

**AFFIRMED.**

---

[2] The statutory maximum prison sentence for each count was 20 years, see 18 U.S.C. §§ 471–473, and "in theory the district court could have imposed consecutive sentences at the statutory maximum on each count," United States v. Moriarty, 429 F.3d 1012, 1021 n.6 (11th Cir. 2005).  If it had done so, the total sentence would have been 60 years.